UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JOSEPH A. ROBERSON,<br><br>    Plaintiff,<br><br>v.<br><br>JAMIE TATAREIC, and<br>REENTRY WEST,<br><br>    Defendant. | Civil No. 05-2863 (JNE/SRN)<br><br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he is seeking leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915. The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be dismissed without prejudice.

Plaintiff, a detainee at a facility identified as "Reentry West," commenced this action by filing a complaint seeking relief for alleged violations of his federal constitutional rights. He did not pay the normal filing fee required by 28 U.S.C. § 1914, but instead applied for leave to proceed IFP. The Court previously reviewed Plaintiff's IFP application and noted that (i) the application was incomplete because it did not include the certified prisoner trust account information that is required by 28 U.S.C. § 1915(a)(2), and (ii) Plaintiff had not paid the initial partial filing fee that is required in prisoner IFP actions pursuant to 28 U.S.C. § 1915(b)(1).

Both of Plaintiff's omissions were called to his attention by this Court's order dated December 15, 2005. (Docket No. 3.) That order gave Plaintiff twenty (20) days to cure the shortcomings of his original request for IFP status by submitting both (a) a new IFP application with the requisite certified trust account information, and (b) the initial partial filing fee prescribed by § 1915(b)(1). The order expressly advised Plaintiff that his case would be subject to summary dismissal, unless he complied with both of those requirements within the time allowed.

The deadline for satisfying the requirements of the Court's prior order has now expired, but to date, Plaintiff has not submitted either an amended IFP application or an initial partial filing fee. In fact, Plaintiff has not communicated with the Court at all since he commenced this action. Therefore, based on the Court's express warning regarding the consequences that would follow if Plaintiff failed to comply with the requirements of the prior order, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be summarily dismissed without prejudice. See Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders). See also In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to submit financial information required by § 1915(a)(2) or initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Amick v. Ashlock, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner lawsuit can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious

disposition of cases").[1]

RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees, (Docket No. 2), be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: February 6, 2006

                                             s/ Susan Richard Nelson
                                            SUSAN RICHARD NELSON
                                            United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 21, 2006** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.

---

[1] Plaintiff's copy of the Order of December 15, 2005, was returned to the Court, apparently because he is no longer residing at the address he provided when he commenced this action. Plaintiff's failure to keep the Court apprised of his current whereabouts reinforces the Court's determination that Plaintiff has abandoned this action.